**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MICHAEL NELLUMS**                                                                             **PLAINTIFF**

      **v.**                       **CASE NO. 5:17-cv-00279-BSM**

**PINE BLUFF SCHOOL DISTRICT**
a public body corporate                                                            **DEFENDANT**

**MEMORANDUM BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      This Memorandum Brief is submitted in support of the Motion for Summary Judgment ("Motion") filed by the Defendant, Pine Bluff School District ("District"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons discussed herein, Defendant is entitled to summary judgment as a matter of law.

      **I.**     **INTRODUCTION**

      Nellums is an employee of the District, serving as high school principal from July 1, 2002 through June 30, 2017, and starting again for the present school year, July 1, 2018 to the present. *See* Complaint, ECF Doc. No. 1 at ¶ 5, and Deposition of Nellums, attached to Defendant's Motion as Exhibit 1, pp. 7-8. Nellums cites two charges of discrimination filed with the United States Equal Employment Opportunity Commission ("EEOC") in his Complaint, charge number 493-2016-01769 ("Charge 1") and charge number 493-2018-O1429 ("Charge 2"). *See* Complaint at ¶ 6. Nellums admits Charge 1 was not timely acted upon after receipt of his Right to Sue Notice, but that only Charge 2 is being acted upon in this litigation. *Id.* at 6. Again, in ¶ 22 of Nellums'

Complaint, he incorporates the allegations of Charge 2 into his Complaint by reference, further acknowledging his admission Charge 1 cannot be acted upon.[1]

According to Charge 2, Ex. B to Plaintiff's Complaint, Nellums claims he was demoted/reassigned from his principal position to a position in the transportation department on account of his age (56) in violation of the Age Discrimination Employment Act ("ADEA"), and in retaliation for the filing of Charge 1 in 2016. Nellums claims the former superintendent of the District, Dr. Michael Robinson, required him to "take it or leave it" as to the position of supervisor for maintenance, safety and operations in the transportation department and that this position was not commensurate with that of the high school principal. *See* Complaint at ¶¶ 18-19. Nellums claims that these acts by Robinson were in retaliation for him having filed the previous EEOC charge which was not acted upon, Charge 1, in violation of 42 U.S.C. § 2000(e), the Civil Rights Act of 1964. *Id* at ¶ 20.

It is undisputed that Nellums' transfer from high school principal to that of supervisor for maintenance, safety and operations did not affect his pay, but it remained $99,249.08. *See* Ex. D to Plaintiff's Complaint, and Ex. 1 at p. 13. In Nellums' deposition he went into detail regarding his disdain for Robinson and decisions he made while the Superintendent of the Pine Bluff School District. *See generally*, Ex. 1. Particularly, Nellums complained that Robinson reduced his assistant principals and clerical assistants and told him he it was a necessary budget adjustment. *Id*. at p. 8. However, Nellums' Complaint is only actionable on the issue of Defendant's alleged

---

[1] If Nellums is attempting to act on Charge 1, he admitted in his Complaint he received his Right to Sue Notice on May 22, 2017, and this Complaint was not filed until October 30, 2017, 162 days later. If the charge filed with the EEOC is dismissed then the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice, a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). "Failure to bring an action under this section within ninety days deprives a federal district court of subject matter jurisdiction." *Hinton v. CPC Int'l.*, 520 F.2d 1312, 1315 (8th Cir. 1975).

retaliation and/or age discrimination towards Nellums after the filing of his EEOC Charge 1. Accordingly, Nellums' Complaint is limited to whether Dr. Robinson, as an agent of the District, discriminated and/or retaliated against Nellums on account of his protected activity in filing EEOC Charge 1, on account of his age.

## II.  SUMMARY JUDGEMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, a court may grant summary judgment if the moving party has established its right to a judgment with such clarity as to leave no room for controversy, and the non-moving party is not entitled to recover under any discernable circumstances. *See LeCroy v. Dean Witter Reynolds, Inc.*, 585 F. Supp. 753 (D.C. Ark. 1984).

Rule 56(c) of the Federal Rules of Civil Procedure provides that:

> the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

When the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."). The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

### III.  ARGUMENT AND AUTHORITY

**A.  Nellums Cannot Prove Discrimination by the District Against Him on Account of Either His Age or Filing an EEOC Charge.**

Nellums asserts he was retaliated against by the District in retaliation for filing Charge 1 with the EEOC, which was a charge of discrimination based on a violation of the ADEA.

#### 1. Nellums' Claims Must Relate to His Age, and They Do Not.

Nellums cannot maintain a retaliation claim against the District unless it relates back to his membership in a protected class. *See Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1028-29 (8th Cir. 2002) ("While Hunt complained that she was entitled to a pay increase and a change in job title, she did not attribute NPPD's failure to give her a raise or a promotion to sex discrimination. Thus, Hunt has not engaged in a protected activity for the purposes of Title VII . . . ."); *see also Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1010 (8th Cir. 2005) (holding that employee failed to show he engaged in statutorily protected activity where he "shared his observation that there were no blacks in the district-manager position in his region" but did not attribute the absence of black managers to race discrimination); *see also Balding-Margolis v. Cleveland Arcade*, 352 F. App'x 35, 45 (6th Cir. 2009) (concluding that employee may not invoke protections of Title VII by making vague charge of discrimination and that complaints concerning general work-related issues was not protected activity because there was no indication within these complaints that employee was objecting to discriminatory conduct against her based on her membership in a protected class).

The above cases all cite to *Tomanovich v. City of Indianapolis*, which held that "[m]erely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference is insufficient" to constitute protected opposition.  457 F.3d 656, 663-64 (7th Cir. 2006).  As to Nellums' allegations of

4

retaliation, they must have some age-based connection for them to be actionable under ADEA. *See Zawacki v. Realogy Corp.*, 628 F. Supp. 2d 274, 282 (D. Conn. 2009) (citing as an example of actionable retaliation under ADEA must include not only engaging in protected activity, but protected activity connected to conduct ADEA seeks to protect, such as testifying in a coworker's ADEA lawsuit).

Here, Nellums is claiming discrimination related to his protected activity of filing Charge 1, which was based on his age. Nellums cannot pass the first hurdle of proving any age-based connection to any acts of the District, so he certainly cannot prove retaliation for any protected acts, if any. "Discriminatory 'purpose' . . . implies more than intent as volition or intent as an awareness of consequences. It applies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group." *Personnel Adm'r of Mass v. Feeney*, 442 U.S. 235, 279, 99 S. Ct. 2282, 60 L. Ed. 2d 870 (1979). In sum, Nellums must plead that the retaliatory conduct he complains of has some connect to his age.

Nellums has presented no proof that his age had anything to do with any alleged adverse employment acts or retaliation he complains. Nowhere in Nellums' Complaint does he ever allege that any retaliatory acts by the District were because of his age. Nellums only complains of acts by Robinson in his management of the District and treatment of Nellums. It is not enough for Nellums to claim retaliation against him, but the alleged retaliatory acts must have occurred because of the protected class he is asserting. There is no causal connection between Robinson's alleged acts and Nellums' age. Nellums has not even put forth proof of Robinson's age, an essential element in an age discrimination claim. *See Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012).

Despite Nellums not even putting forth evidence of age, let alone discriminatory intent, he cannot prove a prima facie case of age discrimination as it relates to his transfer from principal. To establish his prima facie case, Nellums must show he: (1) was at least 40 years old; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was rejected for someone sufficiently younger to permit the inference of age discrimination. *See Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1153 (8th Cir. 2007). The Eighth Circuit has held that a five-year age difference is insufficient to establish a prima facie case, *see Schiltz v. Burlington Northern R.R.*, 115 F.3d 1407, 1413 (8th Cir. 1997), and voiced doubt about whether a nine-year age difference is "sufficient to infer age discrimination," *see Girten v. McRentals, Inc.*, 337 F.3d 979, 982 (8th Cir. 2003); *cf. Keathley v. Ameritech Corp.*, 187 F.3d 915, 920-21, 924 (8th Cir. 1999).

Nellums was born August 6, 1962; he is 56 years old. *See* Affidavit of Tracy White, attached to Defendant's Motion as Exhibit 2. When Nellums was transferred from the principalship he was replaced with Don Booth. *See* Ex. 1 at p. 9. Don Booth was born August 17, 1956; he is 62 years old. Ex. 2. Dr. Robinson was born July 27, 1969; he is 49 years old. *Id.* All of these men were over 40 and none were "sufficiently younger" than Nellums. In this case, the question turns to whether Don Booth was "sufficiently younger" than Nellums, since he replaced Nellums, and to the contrary, he was older. Accordingly, Nellums allegations of retaliation have no connection to his age, and even so, Nellums cannot establish a prima facie case of age discrimination.

### 2. Nellums Suffered No Adverse Employment Action.

In addition to Nellums failing to prove (or even plead) any allegations that his alleged retaliation was due to his age, he cannot meet the burden of proving a prima facie case of age-based retaliation. In order for Nellums to establish a prima facie case of retaliation, he "must show

6

that [he] filed a charge of discrimination or engaged in some other protected activity, that the defendant took an adverse employment action against [him], and that there was a causal link between the filing of the discrimination charge and the adverse employment action." *Kipp v. Missouri Highway and Transportation Commission*, 280 F.3d 893, 896 (8th Cir. 2002).  "Once this prima facie showing is made, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions." *Manning v. Metropolitan Life Insurance Company, Inc.*, 127 F.3d 686, 692 (8th Cir. 1997).  "If an employer meets that burden, the presumption of retaliation disappears." *Id*.  The employee must then show the proffered reason is a pretext for intentional discrimination. *Smith v. Allen Health Systems, Inc.*, 302 F.3d 827, 833 (8th Cir. 2002).

An essential element of Nellums' claim requires an adverse employment action.  "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Spears v. Missouri Dep't of Corr. & Human Res.*, 210 F.3d 850, 853 (8th Cir. 2000).  "Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard." *Id*.  To the contrary, how the District assigns its staff and resources and work assignments are not adverse employment actions but "strike at the very heart of an employer's business judgment and expertise." *See Davis v. Town of Lake Park*, 245 F.3d 1232, 1244 (11th Cir. 2001).  "A company's exercise of its business judgment is not a proper subject for judicial oversight." *Cooney v. Union Pac. R.R. Co.*, 258 F.3d 731, 736 (8th Cir. 2001).

Nellums freely admits that his transfer from high school principal to director of maintenance, safety and operations was for the same salary. Ex. 1 at p. 32. In fact, Nellums freely admitted he did not have a problem moving to the new position. *Id*. Nellums testified as such in his deposition:

> Q: Okay. Did you write correspondence publicly that you wanted out of the high school into another position?
> A: Based upon certain conditions, yes.
> Q: And the conditions that we have discussed?
> A: Part of those, yes.
> Q: What else caused you to want to transfer to another position in the district?
> A: That I thought that Doctor Robinson was starving the school, depleting it of resources, and that certain Board members were pushing him to do the things he was doing.
> Q: So, in summary, you disagree with many of the business decisions Doctor Robinson made?
> A: I did.
> Q: Now, going to the transfer, if you want to call it that, did you have a problem with that, going to the Director of Maintenance, Transportation and Support Services?
> A: When I went to the job, when he moved me, no, I didn't.
> Q: You didn't have a problem with it?
> A: I did not.

Ex. 1 at pp. 30-31.

Nellums' salary remained the same and he admitted he took no issue with the transfer. In fact, Nellums had previously requested such a transfer. Nellums had previously filed a grievance in October of 2016 with the District when his requested transfer from high school principal to a principal's position at a middle school was denied by Robinson. *See* Ex. C. to Complaint at p. 11. On June 29, 2016, Nellums wrote to Robinson that he wanted an "immediate transfer to another secondary school or comparable position within the district." *See* June 29, 2016 Letter from Nellums, attached to Defendant's Motion as Exhibit 3. Nellums was unequivocal in his letter that he wanted a transfer from the high school principal position. *Id.*

Further proof that Nellums welcomed a move to another position within the District is gleaned from his past acts of applying for other like positions. In Nellums' Complaint he takes issue with not being hired as the District's human resource director in June of 2016, for which he later filed Charge 1. *See* Complaint at ¶ 10. This was a district director position just like the one

he was given in the transportation department.[2]  Nellums wanted a district director position in June of 2016, complained when he was not given a transfer to a middle school principal position that same summer, and then wrote that he wanted an immediate transfer to a secondary school or comparable position.  For the 2017-2018 school year, the District accommodated his request by moving him to the director of transportation, maintenance and support services, at the same rate pay.

Nellums cannot claim the position was "not on par with that of either a school principal or a school director" when he actively sought another director's position, demanded and was given a transfer for which he freely admitted was for a position acceptable to him.  Nellums was even asked in his deposition if he was "unhappy with that transfer," and he responded, "The circumstances, yes.  The position, no."  Ex. 1 at p. 13.  The "circumstances" that Nellums were referring to are his complaints about Dr. Robinson and lack of support at the high school, but he conceded he was happy with the new position in the transportation department.

In sum, Nellums wanted a transfer from the principalship at Pine Bluff High School and he was given a transfer and maintained his same pay.  The District does not dispute that Nellums took issue with Robinson's decisions as to Nellums support staff, but those are business decisions that do not amount to adverse employment decisions.  The legal issue is whether Nellums suffered an adverse employment action, which he did not.

---

[2] Nellums refers to a job description in his Complaint that identifies the position in the transportation department as supervisor.  *See* Complaint at p. 23.  However, Nellums referred to the position as director in his deposition and this title is not disputed by the District.  Frankly, the title is irrelevant given that Nellums concedes the position was one of a director and paid the same as his previous principalship.

### 3. Nellums Returned to the High School Principal Position.

Nellums has now been moved back to the high school principal position for the current school year. Ex. 1 at pp. 36-37. Upon Nellums returning to the position of principal, his salary is presently $93,298.00 for the current school year. *See* Nellums' 2018-2019 Contract, attached to Defendant's Motion as Exhibit 4. Nellums current pay is $5,951.08 less than the year prior. It is anticipated Nellums will argue this pay differential was retaliatory. It was not. Nellums' reassignment to the principalship was part of a District-wide reduction in force, as explained to him in a letter of April 6, 2018. *See* Letter, attached to Defendant's Motion as Exhibit 5. The position of director of transportation, maintenance and support services was being eliminated for the current school year and Nellums was given notice of this reassignment in accordance with the Arkansas Teacher Fair Dismissal Act ("ATFDA") and that his current position would be paid according to the administrative salary schedule. *Id*. The salary schedule clearly lists the maximum pay of a high school principal at $93,298.00. *See* Administrative Salary Schedule, attached to Defendant's Motion as Exhibit 6. This is the pay Nellums now receives, as he has the maximum amount of experience on the salary schedule, which caps at 25 years. *Id*.

Nellums admitted in his deposition that all administrators in the District were affected by the new salary schedule which was created, in part, by Dr. Laura Strickland, Director of Finance for the District. *See* Ex. 1 at p. 50 and the Affidavit of Dr. Laura Strickland at ¶ 3, attached to Defendant's Motion as Exhibit 7. The District board of directors approved the salary schedule to be implemented for all 2018-2019 contracts on March 27, 2018. *See* board minutes, attached to Defendant's Motion as Exhibit 8. Nellums admitted that pursuant to the salary schedule his max salary based on years of experience was $93,000, which lowered his pay for the current school year. Ex. 1 at 52.

Nellums' placement on the salary schedule was not retaliatory toward him. The salary schedule was put in place to cure disparities in administrative pay that had led to other grievances by administrators in the District. Ex. 7 at ¶ 5. As Dr. Strickland testified, the salary schedule was formulated by reviewing salary schedules of other districts and was not in any way unique to Nellums.

## IV.   CONCLUSION

Based upon the foregoing argument and authority, the District respectfully submits that its Motion for Summary Judgment should be granted and that Plaintiff's Complaint should be dismissed with prejudice.

    Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: **/s/ W. Cody Kees**
    Jay Bequette, Ark. Bar #87012
    W. Cody Kees, Ark. Bar #2012118

## CERTIFICATE OF SERVICE

      I hereby certify that on January 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF filing system, which shall send notification of such filing to the following:

John Walker, Esq.
John W. Walker, P.A.
1723 Broadway Street
Little Rock, AR 72206
johnwalkeratty@aol.com

                                      **/s/ W. Cody Kees**